# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

ANDREW VYACHESLAVOVICH SHATALIN,

Case No. 09-11796-RGM
(Chapter 13)

Debtor.

## MEMORANDUM OPINION

THIS CASE was before the court on January 20, 2010, on the motion of Citibank National Association as Trustee for relief from the automatic stay. The court reviewed the status of the case with counsel in court and stated that an order to show cause would be issued returnable to February 10, 2010, to show cause why the case should not be dismissed with prejudice.

In further reviewing the case, the court notes that as of December 11, 2009, the debtor had made no payments to the chapter 13 trustee (Docket Entry 36) including the first payment under the proposed plan. Section 1326(a)(1) requires that the debtor commence making payments not later than 30 days after the date of the filing of the plan or the order of relief, whichever is earlier. This rule is implemented by Local Bankruptcy Rule 3070-1(C) and requires the clerk to dismiss a chapter 13 case if the trustee certifies that the first payment has not been timely received. The trustee made such a certification on May 26, 2009, but the clerk has not entered an order dismissing the case. The clerk should enter that order forthwith dismissing the case. It is, therefore, unnecessary to hold a hearing on the court's order to show cause.

The court was concerned in this case by the progress of this case. The case was filed on March 11, 2009. The chapter 13 plan has not been confirmed. The motion for relief from stay alleges that no post-petition payments have been made on the mortgage. The monthly payments are

$7,445.61. The proof of claim states that no payments were made from November, 2007, through the date of the filing of the petition. The first payment due on the note was due on August 1, 2006. The debtor scheduled the real property with a value of $700,000 and a secured debt of $787,500. The proof of claim states that the total claim is $879,939.74. In addition, there are ten additional missing payments totaling $74,457.01 plus any applicable late charges and other fees.

Finally, the court notes that no first meeting of creditors was ever held. According to counsel, the debtor was out of the country and the first meeting has never been rescheduled.

The clerk will forthwith enter an order dismissing this case for failure to make the first payment. LBR 3070-1(C).

Alexandria, Virginia
January 20, 2010

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Erroll T. Moore
Thomas P. Gorman
Jack Frankel
Stephen B. Wood

15720